## INDUSTRIAL COMM v KANE

Ohio Appeals, 3rd Dist, Union Co

No 159. Decided May 31, 1934

Clifton L. Caryl, Marysville, for plaintiff in error.

Gwynn Sanders, Marysville, for defendant in error.

strain; that while engaged in this lighter work, he suddenly died. There is absolutely no evidence of any extraordinary or unusual happening in and about his work preceding his death, and there is no evidence showing that the deceased was subjected to any greater exertion or strain in his work at any time preceding his death than he was ordinarily subjected to in the performance of his duties in said employment.

The death was not the result of any physical injury as is contemplated by the statute, in the opinion of this court, and no right to recover exists. See, **Industrial Commission v Lambert, 126 Oh St 501; Industrial Commission v Franken, 126 Oh St 299; Industrial Commission v Nelson, 127 Oh St 41;** and, Industrial Commission v Bartholome, 190 NE 193.

CROW, PJ, and GUERNSEY, J, concur.

## OPINION

**By KLINGER, J.**

We will consider these errors in the order in which we have enumerated them.

This court does not have before it enough of the argument of counsel to hold that the trial court erred in overruling the request of counsel for the defendant. Unless all the facts or arguments are before the reviewing court, we can not say whether the argument complained of was provoked by counsel upon the other side in their argument, or for any reason whether they were proper or improper.

The next error complained of is error in the admission of evidence. We have carefully read all the evidence in this case, and in the opinion of this court there was no error on the part of the trial court in the admission or rejection of evidence. And we would add that no specific item is called to the court's attention excepting the hypothetical questions, and in the opinion of this court there was sufficient ground laid for these questions and answers. At least we do not feel that we would be justified in reversing the action of the trial court on this ground.

The next question, however, is, in the opinion of this court, based upon merit. Should the court have directed a verdict in the face of all the facts and admissions?

Stated briefly, the evidence discloses that the decedent had been working for some time in the foundry and that he developed heart trouble and then work was assigned to him that required less exertion and